**Lawrence D. Mandel**
**Gertner Mandel, LLC**
**P.O. Box 301**
**Lakewood, New Jersey 08701**
**(732) 363-3333**
**Fax (732) 363-6666**
**Attorneys for Plaintiff**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| BRIAN BROTHERS, INC. | : |  |
|  | : |  |
| Plaintiff, | : |  |
|  | : | CIVIL ACTION NO._____ |
| v. | : |  |
|  | : | **COMPLAINT AND JURY DEMAND** |
| K.O. CLOTHING, INC. and | : |  |
| KAMBIZ SABAR, | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

BRIAN BROTHERS, INC. by its attorneys, Gertner Mandel, LLC, for its complaint against, K.O. CLOTHING, INC. and KAMBIZ SABAR, hereby alleges as follows:

1.      Plaintiff BRIAN BROTHERS, INC. is a New Jersey corporation having a business address at 601 16th Street, Carlstadt, New Jersey 07072.

2.      Upon information and belief, Defendant K.O. CLOTHING, INC. is a California corporation having a business address at 3711 S. San Pedro Street, Los Angeles, California 90011.

3.      Upon information and belief, Defendant KAMBIZ SABAR is the registered agent, principal and President of Defendant K.O. Clothing, Inc., and has a business address at 3711 S. San Pedro Street, Los Angeles, California 90011.

## JURISDICTION AND VENUE

4.      This is a Civil Action arising under the Federal Trademark Act of 1947, as amended, 15 U.S.C. § 1051, *et. seq.*, the common law of the State of New Jersey, the New Jersey Unfair Competition Act, N.J.S.A. § 56:4-1, *et. seq.*, and the New Jersey Trademark Act, N.J.S.A. § 56:3-13.1a, *et seq.*  This Court has subject matter jurisdiction under the provisions of 15 U.S.C. § 1121, 28 U.S.C. § 1331 and 28 U.S.C. § 1367.  Defendant is transacting and doing business within this judicial district; has contracted to supply goods and/or services into this judicial district; has committed the acts complained of herein within this judicial district and regularly does or solicits business or engages in a persistent course of conduct or derives substantial revenue from goods and/or services used or consumed within this judicial district and expects or should reasonably expect such acts to have consequences within this judicial district and derives substantial revenue from interstate commerce; and is subject to the jurisdiction of this Court, pursuant to the laws of this State and Rule 4 of the Federal Rules of Civil Procedure.  Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## FACTS COMMON TO ALL CAUSES OF ACTION

5.      Plaintiff is a leading designer, manufacturer, and distributor of clothing in the United States.

6.      Plaintiff has used the mark JORDAN CRAIG since at least as early as 1995 to distinguish its goods, namely "clothing, namely shirts, pants, jackets, sweaters, jeans."

7.      Through its extensive sales and advertising, Plaintiff has developed extensive good will throughout the United States with respect to the mark JORDAN CRAIG.

8.     Plaintiff is the owner of U.S. Trademark Registration No. 2,688,626 and U.S. Trademark Registration No. 3,227,098.

9.     Plaintiff's U.S. Trademark Registrations for JORDAN CRAIG are valid, subsisting and incontestable.

10.    Plaintiff has designed, manufactured and is selling a line of jackets in various colors known as the Denali Shearling Jacket.

11.    Plaintiff has also designed, manufactured and is selling a line of jackets in various colors known as the Aspen Shearling Jacket.

12.    The Aspen Shearling Jacket as well as other Plaintiff's designs are marketed as part of the JORDAN CRAIG BLACK LABEL COLLECTION.

13.    Plaintiff has developed extensive good will with respect to its original and distinctive, nonfunctional fabric designs, certain of which designs are closely associated in the minds of consumers with the JORDAN CRAIG BLACK LABEL COLLECTION due to Plaintiff's efforts in the marketing and sale of these clothing items.

14.    Defendants, direct competitors of Plaintiff, copied the design of Plaintiff's Denali Shearling Jacket and then marketed and sold Defendants' copies of Plaintiff's design as part of Defendant's "new Jordan Craig Black Label Collection."

15.    Defendants copied Plaintiff's Aspen Shearling Jacket advertising and promotional materials and used them to advertise and sell Defendants' copies of Plaintiff's Denali Shearling Jacket which advertising includes the use of Plaintiff's JORDAN CRAIG trademark and "Jordan Craig Black Label Collection" advertising slogan.

- 3 -

16.     Upon information and belief, Defendant Kambiz Sabar personally manages and directs the activities of Defendant K.O. Clothing, Inc. as described herein and has personally and substantially profited from these activities.

17.     Defendants are using a mark identical to Plaintiff's mark, to trade on Plaintiff's goodwill, to deceive customers and to cause damage to Plaintiff's reputation, which reputation has been built up over many years through Plaintiff's sales, advertising and marketing efforts and through which Plaintiff and Plaintiff's marks have become well-known in the industry for excellence and quality.

18.     Defendants have acted with full knowledge of Plaintiff's rights.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT

19.     Plaintiff repeats and realleges the allegations of Paragraphs 1 through 18 hereof with the same force and affect as if set forth herein at length.

20.     The conduct of Defendants as alleged herein constitutes infringement of Plaintiff's registered trademark.

21.     Defendants' unauthorized activities and infringement are likely to cause confusion or to cause mistake or to deceive the consuming public as to the true source of the goods sold by Defendants.

22.     Defendants have full knowledge of Plaintiff's exclusive and long established proprietary rights in and to the trademark but continue to proceed in complete disregard thereof.

23.     The activities and conduct of Defendants as alleged herein have damaged Plaintiff and will, unless restrained, further impair the value of Plaintiff's trademark and the valuable good will which has been built up in the trademark, and Plaintiff has no adequate remedy at law.

- 4 -

24.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the good will associated with Plaintiff's federally registered trademark.

25.     Defendants have caused and are likely to continue to cause substantial injury to Plaintiff.

26.     Due to Defendants' actions alleged herein, Plaintiff is entitled to judgment awarding it preliminary and permanent injunctive relief, treble damages, statutory damages, disgorgement of profits, attorney's fees and costs under 15 U.S.C. §1114, §1116 and §1117, as well as any other relief the Court deems just and equitable.

**COUNT II**
**FALSE DESIGNATION OF ORIGIN**

27.     Plaintiff repeats and realleges the allegations of Paragraphs 1 through 26 hereof with the same force and affect as if set forth herein at length.

28.     Defendants' use of the name JORDAN CRAIG and JORDAN CRAIG BLACK LABEL and especially such use in connection with Plaintiff's original and distinctive, non-functional fabric design tends to falsely represent that Defendants are connected with or that Defendants' activities are authorized by Plaintiff and is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods, or services, or commercial activities by Plaintiff.  Any failure of Defendants to maintain acceptable standards of quality and service will reflect adversely on Plaintiff and cause irreparable harm to Plaintiff.

29.     Plaintiff has no control over the quality of the goods or services sold or offered for sale by Defendants, and because of the confusion as to the source engendered by Defendants, Plaintiff's valuable good will in respect of its trademark is at the mercy of Defendant.

- 5 -

30.     Said actions of Defendants constitute a violation of 15 U.S.C. § 1125(a) in that such false designations and representations of origin and quality have been and continue to be used on or in connection with goods sold by Defendants or which affect commerce.

31.     Defendants' false designation of origin and quality has caused substantial and irreparable damage and injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

32.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's federally registered trademark.

33.     Defendants have caused and are likely to continue to cause substantial injury to Plaintiff.

34.     Due to Defendants' actions alleged herein, Plaintiff is entitled to judgment awarding it preliminary and permanent injunctive relief, treble damages, statutory damages, disgorgement of profits, attorney's fees and costs under 15 U.S.C. §1114, §1116 and §1117, as well as any other relief the Court deems just and equitable.

## COUNT III
## DILUTION

35.     Plaintiff repeats and realleges the allegations of Paragraphs 1 through 34 hereof with the same force and affect as if set forth herein at length.

36.     Defendants' actions constitute a violation of 15 U.S.C. § 1125(c) in that such use of JORDAN CRAIG has caused and will continue to cause dilution of the distinctive quality of Plaintiff's mark JORDAN CRAIG.

## COUNT IV
## COMMON LAW UNFAIR COMPETITION

37.     This count arises under the New Jersey Common Law of Unfair Competition. Jurisdiction is supplemental to Count I pursuant to U.S.C. § 1367.   Venue is proper in this district under 28 U.S.C. § 1391.

38.     Plaintiff repeats and realleges the allegations of Paragraphs 1 through 37 hereof with the same force and affect as if set forth herein at length.

39.     Defendants' use of JORDAN CRAIG is in violation of the New Jersey Common Law of Unfair Competition and is likely to cause confusion, mistake or to deceive the public.

40.     Defendants' unlawful conduct will continue to damage Plaintiff unless enjoined by this court.  Plaintiff has no adequate remedy at law.

41.     Due to Defendants' actions alleged herein, Plaintiff is entitled to judgment awarding it preliminary and permanent injunctive relief, treble damages, disgorgement of profits, attorneys' fees, costs, and punitive damages, as well as any other relief the Court deems just and equitable.

## COUNT V
## NEW JERSEY STATUTORY UNFAIR COMPETITION

42.     Plaintiff repeats and realleges the allegations of Paragraphs 1 through 41 hereof with the same force and affect as if set forth herein at length.

43.     Defendants' use of the name JORDAN CRAIG in connection with the sale and marketing of goods constitutes appropriation of Plaintiff's trademark, reputation and good will in direct violation of the New Jersey Unfair Competition Act, N.J.S.A. § 56:4-1.

44.     The activities of Defendants alleged herein have caused and, if not enjoined, will continue to cause, irreparable harm to the rights of Plaintiff. Plaintiff has no adequate remedy at law.

45.     Due to the actions of Defendants alleged herein, Plaintiff is entitled to judgment awarding it preliminary and permanent injunctive relief as well as any other relief the Court deems just and equitable.

## COUNT VI
## NEW JERSEY TRADEMARK ACT

46.     Plaintiff repeats and realleges the allegations of Paragraphs 1 through 45 hereof with the same force and affect as if set forth herein at length.

47.     Defendants' use of JORDAN CRAIG in connection with its sales and marketing of goods constitutes appropriation of Plaintiff's trademark in direct violation of the New Jersey Trademark Act, N.J.S.A. § 56:3-13.16.

48.     The activities of Defendants alleged herein have caused and, if not enjoined, will continue to cause, irreparable harm to the rights of Plaintiff. Plaintiff has no adequate remedy at law.

49.     Defendants acted willfully and knowingly in their violation of New Jersey State Law.

50.     Due to Defendants' actions alleged herein, Plaintiff is entitled to judgment awarding it preliminary and permanent injunctive relief, treble damages, attorney's fees and costs, as well as any other relief the Court deems just and equitable.

## COUNT VII
## TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE AND/OR CONTRACT

51.     This count arises under the New Jersey common law of tortious interference with prospective business advantage and/or contract.  Jurisdiction is supplemental pursuant to U.S.C. §1391.  Venue is proper in this district under 28 U.S.C. § 1391.

52.     Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 51 hereof with the same force and effect as if set forth herein at length.

53.     By Defendants' targeting of Plaintiff's established customers as buyers of Defendants' products containing Plaintiff's designs, and using Plaintiff's trademark to promote such products, Defendants have unfairly and illegally interfered with Plaintiff's ability to maintain Plaintiff's ongoing business relations with Plaintiff's established customers and/or to expand that business with established customers or with potential customers.

54.     Defendants' unlawful conduct will continue to damage Plaintiff unless enjoined by this Court.  Plaintiff has no adequate remedy of law.

55.     Due to Defendants' actions as alleged herein Plaintiff is entitled to judgment awarding it preliminary and permanent injunctive relief, compensatory damages, punitive damages, disgorgement of profits, attorneys' fees and costs, as well as any other relief the Court deems just and equitable.

WHEREFORE, Plaintiff prays for judgment that:

(a)     Defendants have, by their unauthorized use of a mark identical to Plaintiff's trademark, infringed the trademark, used and applied false designations of origin, diluted the distinctive quality of Plaintiff's trademark, competed unfairly with Plaintiff, tortuously interfered

with Plaintiff's business relations, and have injured Plaintiff's good will and business reputation, in violation of Federal and State Law and have done so willfully all to the detriment of Plaintiff.

(b)     Defendants, their agents, servants, employees, successors and assigns and all persons in active concert, privity, or participation with Defendants, be preliminarily and permanently enjoined from infringing upon the Federally registered trademark of Plaintiff, from using any false designation or false description or representation, including, but not limited to, from manufacturing, reproducing, displaying, distributing, selling, promoting, importing or advertising any copies of Plaintiff's jacket designs advertised for sale by Defendants using Plaintiff's trademark, from engaging in any act or series of acts which either alone or in combination constitutes deceptive or unfair methods of competition by Defendants with Plaintiff and from otherwise interfering with or injuring the business reputation of Plaintiff, or diluting the distinctive quality of the Plaintiff's trademarks or the good will associated therewith.

(c)     Defendants be required to account for and pay over to Plaintiff, Defendants' profits and any damages suffered by Plaintiff as a result of Defendants' acts of trademark infringement, false designation of origin, and unfair competition, together with interest and costs.

(d)     Defendants be required to pay to Plaintiff an amount three times the profits of Defendants or damages of Plaintiff.

(e)     Defendants be required to pay an award of statutory damages to Plaintiff.

(f)     Defendants be required pay an award of punitive damages to Plaintiff.

(g)     Defendants be required to cease all use of the mark JORDAN CRAIG, JORDAN CRAIG BLACK LABEL, or any mark confusingly similar to Plaintiff's trademark.

(h)     Defendants be ordered to surrender for destruction all products, signs, labels, advertisements and other materials constituting infringement of Plaintiff's trademark, or false designation of origin.

(i)     Defendants be required to pay Plaintiff the costs of this action, together with reasonable attorney's fees, costs and disbursements.

(j)     Plaintiff be awarded such other and further relief, as this Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury on all issues so triable in this matter.

GERTNER MANDEL, LLC

By:_____

Dated:  March 4, 2020                 Lawrence D. Mandel
                                      Attorneys for Plaintiff

- 11 -